

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00279-CV

---

**IN THE INTEREST OF H.T., S.T., AND L.T., CHILDREN**

---

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 83409-L2, Honorable Jack M. Graham, Presiding

---

December 17, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before us is the appeal of the mother of children HT, ST, and LT from the trial court's order terminating her rights to her children.[1]  Her court-appointed attorney filed a motion to withdraw supported by an *Anders*[2] brief, stating he did not find any arguable issues to present on appeal.  We affirm.

---

[1] Father's rights to HT, ST, and LT were also terminated after he filed an affidavit of relinquishment. He is not a party to this appeal.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

*Background*

The Department became involved with the family in July 2023 after it received a report that a female was engaging in sexual conduct with her stepfather.[3] The stepfather later admitted to having an on-going sexual relationship with his stepdaughter. Investigation determined mother was aware of sexual activity between her oldest daughter and her husband but still permitted him to have unsupervised access to the three younger children for long periods. There were other concerns present, including mother's continual use of methamphetamine and the lack of sufficient and stable housing for the family.

The children were removed from the home and mother was given a service plan that included actions she was to take to secure return of her children to her. However, mother did not fully comply.[4] Instead, she continued to test positive for use of methamphetamine. Indeed, during the pendency of the case, her visitation with her children was suspended due to positive drug screens. She also did not maintain a stable home or employment as required and sometimes lied about where she was. Moreover, she lied about participating in substance abuse treatment programs ordered by the court.

The children progressed in their placement at High Plains Children's Home and were doing "very well" at the time of the final hearing. They were thriving and bonded to one another.

---

[3] Mother was arrested for knowingly failing to make a required child abuse report and was sentenced to serve 60 days in Randall County Jail following conviction.

[4] We note mother did make some progress with her plan by completing a psychological evaluation and a sexual abuse class. The record also indicates she completed some counseling and other classes.

2

***Analysis***

As noted, counsel filed an *Anders* brief noting the presence of no arguable issues for appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see also In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (stating that the procedures set forth in *Anders* are applicable to appeals from termination orders). So too did counsel move to withdraw. In proffering the brief and motion, counsel certified that his opinion about the meritoriousness of the appeal was based on a conscientious examination of the record. Counsel also revealed that he 1) provided a copy of the *Anders* brief to mother, 2) provided a copy of the appellate record to mother, and 3) notified mother of her right to file a pro se response. *Id.* By letter, this court also informed mother of her right to file a response by November 26, 2024. To date, none has been received by the court.

We independently examined the entire record for arguable issues supporting an appeal. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (noting the court's obligation to conduct such examination). None were found. This court also reviewed the record to determine whether evidence, both legally and factually, supported the trial court's finding that mother endangered the children under § 161.001(b)(1)(D) and (E) of the Texas Family Code. *See In re N.G.*, 577 S.W.3d 230, 234-35 (Tex. 2019) (requiring such review). Such evidence was found and includes, but is not limited to, that discussed under the topic "Background." The same is true concerning the trial court's finding regarding the children's best interests. Accordingly, we agree with counsel there is no plausible basis for reversal and affirm the trial court's order terminating the parent-child relationship between mother and HT, ST, and LT.

3

***Conclusion***

Having held that nothing in the record arguably supports mother's appeal, we affirm the trial court's termination order.[5]

Brian Quinn
Chief Justice

---

[5] We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (explaining that duty).